**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
  Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| **RICKY EXE**, and **DUSTIN CLARK,**  <br><br>        Plaintiffs,  <br><br>    v.  <br><br>**KEVIN J. BOWSER,** and **MONTE J. MCBETH,**  <br><br>        Defendants. | Case No. 6:22-cv-00451-YY  <br><br>**FIRST AMENDED COMPLAINT**  <br>**(42 U.S.C. § 1983)**  <br><br>**JURY TRIAL DEMANDED** |

    1.    Plaintiff Ricky Exe, an inmate at Oregon State Correctional Institution (OSCI), was seriously injured when he was twice assaulted by members of a prison gang in August 2020, as the result of the deliberate indifference and malice of defendant Kevin J. Bowser—then a correctional corporal employed by the Oregon Department of Corrections (ODOC) at OSCI. Bowser conspired with inmates affiliated with prison gangs to permit them access to Exe's cell and assault him. Bowser did this to multiple other inmates, as well. Exe was twice attacked with

Bowser's permission and encouragement. Exe sustained serious injuries as well as physical and mental pain and emotional distress.

2.  Bowser violated Exe's federal constitutional rights by failing to protect him against known and serious threats to his safety and by encouraging and conspiring with inmates to permit the assaults on him. Exe seeks compensatory and punitive damages, as well as attorney fees and costs as set forth below.

3.  Plaintiff Dustin Clark, an inmate at OSCI, was injured when he was assaulted by members of a prison gang in September 2020, as the result of the deliberate indifference and malice of defendant Bowser. Bowser conspired with inmates affiliated with prison gangs to permit them access to Clark's cell and assault him. Bowser did this to multiple other inmates, as well. Clark was attacked with Bowser's permission and encouragement. Clark sustained injuries as well as physical and mental pain and emotional distress.

4.  When Clark reported this incident and Bowser's involvement, defendant Monte J. McBeth, a correctional sergeant at OSCI, approached Clark and threatened to send Clark to disciplinary segregation for reporting Bowser.

5.  Bowser violated Clark's federal constitutional rights by failing to protect him against known and serious threats to his safety and by encouraging and conspiring with inmates to permit the assaults on him. McBeth violated Clark's federal constitutional rights by retaliating against him for engaging in protected speech. Clark seeks compensatory and punitive damages, as well as attorney fees and costs as set forth below.

## JURISDICTION

6.  This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

## VENUE

7. Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b). Specifically, all of the acts and practices alleged herein occurred at OSCI in Salem, Marion County, Oregon.

## PARTIES

8. Plaintiff Ricky Exe is an inmate in ODOC custody at OSCI.

9. Defendant Kevin Bowser was a correctional corporal at OSCI.

10. Defendant Monte J McBeth is a correctional sergeant at OSCI.

11. Defendants acted under the color of law and were deliberately indifferent to Plaintiffs' constitutional rights. Defendants acted in bad faith and violated clearly established laws which reasonable prison officials knew or should have known. Defendants are sued in their individual and official capacities.

## FACTS

12. Members of gangs in Oregon prisons are considered "active" if they are still a participating member of the gang; those who have left the gang are called "dropouts." These terms are known and used by staff and inmates alike. Dropouts are subject to violence at the hands of active gang members because "dropping out" is forbidden and considered a betrayal of the gang. A unit is an "active unit" if it houses active gang members. Active members frequently assault dropouts if one is placed on an active unit.

13. Both prison staff and inmates know that labelling an inmate a "dropout" exposes that inmate to violence at the hands of certain groups, specifically prison gangs. On numerous occasions, Bowser conspired with inmates to assault other inmates. Bowser knew that Exe was

European Kindred (EK) dropout and that active EK members intended him harm if provided with the opportunity or permission to do so. Bowser remotely opened cells so that EK gang members could enter the cell of other inmates and assault them.

14. Exe was placed on unit 4 which is known as a unit in which active gang members reside and have on many occasions threatened, extorted and assaulted dropouts on the unit. Bowser referred to Exe as a "rat" and a "dropout" to EK gang members on that unit.

15. On or about August 19, 2020, Bowser conspired with inmates to open Exe's cell so those inmates could enter his cell and assault him. Bowser knew that providing access to Exe's cell and encouraging them to assault him exposed Exe to a substantial likelihood of being assaulted or killed. Bowser opened Exe's cell at night while he was sleeping. The inmates entered his cell, pulled him sleeping from his bunk and viciously assaulted him. Then they left and Bowser remotely closed the door.

16. On or about August 20, 2020, these same inmates again assaulted Exe while he was performing orderly duties. Exe sustained serious physical injuries as a result of these assaults.

17. On or about September 24, 2020, Clark was moved from unit 4 unit 3. When he was unpacking his belongings, Bowser allowed an inmate to enter Clark's cell. The inmate stated that Bowser considered Clark to be a "rat" and a threat to his activities running the unit. Bowser, Clark would later learn, permitted fights, tattooing, and other activities against ODOC rules. The inmate hit Clark very hard in the face twice, which caused bruising and pain. The inmate that hit Clark said, "This is how easy I can into your cell and get you." The inmate that hit him prohibited Clark from using the showers, telephones, tablets, and the kiosk. Clark lived in fear of being assaulted or killed and did not use the unit's amenities out of fear of reprisal.

PAGE 4 – FIRST AMENDED COMPLAINT

18.     Clark approached Bowser and asked if he could be moved to another unit because of conflicts with inmates on the unit. Bowser replied, "Why don't you go live with that other rat, [name withheld]?"

19.     Exe and Clark used and exhausted the prisoner grievance procedure at OSCI in full.

## CLAIM

### (42 U.S.C. § 1983)

20.     Plaintiffs re-allege all previous relevant paragraphs as if fully stated herein.

21.     By failing to protect Exe and Clark and intentionally exposing them to violence at the hands of other inmates, as alleged above, Bowser violated Plaintiffs' Eighth Amendment Rights under the U.S. Constitution.

22.      By retaliating against Clark for filing a grievance against Bowser, McBeth violated Plaintiffs' First Amendment Rights under the U.S. Constitution.

23.     Bowser's conduct caused Plaintiffs physical injuries, pain, emotional distress, and First Amendment injuries. Plaintiffs seek compensatory and First Amendment damages to redress these injuries.

24.     Defendants' acts were willful and malicious and done with reckless indifference to Plaintiffs' protected rights. Defendants should be assessed punitive damages in an amount as fixed by a jury to punish him and to deter such conduct in the future.

25.     Plaintiffs are entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

## PRAYER

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment granting them:

a) A declaration that the acts and omissions described herein violated his rights

      under the U.S. Constitution;

b) An award of compensatory and First Amendment damages in a sum that is just as determined by a jury;

c) An award of punitive damages in a sum that is just as determined by a jury;

d) Plaintiff's costs and attorney fees in this suit, and

e) Any additional relief this court deems just, proper, and equitable.

**Plaintiffs request a trial by jury on all matters so triable.**

DATED: April 14, 2022

                       **Law Offices of Daniel Snyder**

                       */s/ John David Burgess*
                       John David Burgess, OSB No. 106498
                       johnburgess@lawofficeofdanielsnyder.com
                       Tel: (503) 241-3617 / Fax: (503) 241-2249
                       Of Attorneys for Plaintiff